UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Shawn Paul Grossman

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

**FILED - GR**
June 10, 2024 2:06 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: JW / 6-11

v.

C/o Omangi / C/o Young
C/o Joesph

**2:24-cv-100**
**Maarten Vermaat**
**U.S. Magistrate Judge**

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**COMPLAINT**
*(Print Clearly)*

I. **Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☑ No ☐

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   Western District

2. Is the action still pending? Yes ☑ No ☑

   a. If your answer was no, state precisely how the action was resolved: Still In Progress

3. Did you appeal the decision? Yes ☐ No ☑
4. Is the appeal still pending? Yes ☐ No ☑

   a. If not pending, what was the decision on appeal? Still In Progress

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☑

   a. If so, explain: _____

- 2 -

(W.D. Mich. Form – Last Revised: September 2021)

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff: Shawn Paul Grossman

Place of Present Confinement: Marquette Branch Prison

Address: 1960 U.S. Highway 41 south, Marquette, MI 49855

Place of Confinement During Events Described in Complaint: JCF Cotten, Jackson

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1: C/O Omangi
Position or Title: C/O MDOC
Place of Employment: JCF Cotten Facility
Address: 3510 N. Elm St. Jackson, MI 49201-8877
Official and/or personal capacity? Official

Name of Defendant #2: C/O Young
Position or Title: P.C.
Place of Employment: JCF Cotten
Address: 3510 N. Elm St. Jackson, MI 49201-8877
Official and/or personal capacity? Official

Name of Defendant #3: C/O Joesph
Position or Title: C/O
Place of Employment: J.C.F Cotten Jackson
Address: 3510 N. Elm St. Jackson, MI 49201-8877
Official and/or personal capacity? Official

Name of Defendant #4: ___
Position or Title: ___
Place of Employment: ___
Address: ___
Official and/or personal capacity? ___

Name of Defendant #5: ___
Position or Title: ___
Place of Employment: ___
Address: ___
Official and/or personal capacity? ___

- 3 -

(W.D. Mich. Form – Last Revised: September 2021)

## III. Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

On 8-2-23 I was transferred to J.C.F on a emergency ride out from MRF Macomb Facility. I written a statement for a 63 yrs old man who's bunkie was trying to steal his T.V. in the middle of the nite while Mr. Adams the old man 63yrs old had cancer and was dying. He asked the hearings lady for me to be a witness and write statement for him. I was trying to do the right thing and just thing. Hearings lady made me sign statement in front of a lot of inmates. Next thing, I knew I was being called a rat and snitch who told on a gang member. Mr. Adams bunkie. I was giving a class I.D.D.O for not going back to general population because of incident. I was emergency rode out to J.C.F cotton facility. The next day I was heard on my D.D.O ticket. I was found not guilty for doing the right thing. Later that day, I went to yard while my gang member bunkie Mr. Brown stayed in due to him being in trouble. While on yard my mail was given to Mr. Brown unsealed not even in envelope. Furthermore I wasn't even in the room No I.D. was shown to get my mail. It was my hearing report from ticket I beat for doing the right thing with all the info of me snitchen writing a statement. It was all there. This was sensitive info given to a inmate. I came back from yard and my bunkie said your leaving this room your a rat. I immedelately told C/O young and—

—On Back—

C/O Omangi what was going on. I asked to speak to a Sergeant but was denied. Both C/O Young and C/O Omangi said we don't care and gave me a direct order to go back to my cell. I told them both I was threaten by Mr. Brown and that I need P.C.

C/O Omangi pointed towards my room and again said, I am giving you a direct order. I followed the direct order. That nite I was assaulted multiple times, pulled off my bed and hit. I had to stay up all nite to protect myself from being assaulted. At 6:30 A.M showers I came out and told C/O Josuah and showed my injuries. I was tooken to the hospital and treated. I was in P.C. over 43 days. I was retaliated against multiple times. I went 43 days with no state clothes I went 30 days no shave or shower I went 43 days with no cell clean-up And 43 days no library. I written multiple grievances but they were ignored. C/O Young would not acknowlede me in P.C and knew about this abuse.

## IV. Relief

State briefly and precisely what you want the court to do for you.

To find defendants guilty of Deliberate indifference 8th Amendment violation. And grant me whatever the court finds me entitled to. and relief for damages caused. For Retaliation For leaving me in a dirty room 43 days without cleaing supplies This is all on Camera. I exhausted all state remedies

## V. Notice to Plaintiff Regarding Consent

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☑ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☐ I request that this case be assigned to a district judge.

6-1-24
**Date**

*(signature)*
**Signature of Plaintiff**

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

Prisoner Name: Shawn Grossman
Prisoner Number: #621120
MARQUETTE BRANCH PRISON
1960 U.S. Highway 41 South
Marquette, MI 49855



United States District Court
399 Federal Building
110 Michigan N.W.
Grand Rapids, MI 49503-2363